### STATE *v.* GIOVANNI VISCOME.

May Term, 1905.

Present: TYLER, MUNSON, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 11, 1906.

*Homicide—Evidence—Respondent's Peaceable Character — Rebuttal—Speech of People After Homicide.*

In a prosecution for murder, the respondent having introduced evidence that his character was good in respect of being peaceable, it was error to allow the State to show in rebuttal what people were saying about him after the homicide in respect of his reputation in that regard before the homicide.

INDICTMENT for murder. Plea not guilty. Trial by jury at the March Term, 1905, Franklin County, *Rowell*, J., presiding. Verdict, guilty of manslaughter, judgment and sentence thereon. The respondent excepted.

The respondent justified the homicide in self defence. It appeared that on Sunday, October 9, 1904, the prisoner was in his room where he lived and had his home, and had his gun on his shoulder and was about to go out hunting; that while the prisoner was standing with his gun thus, Frank Phillipi, the deceased, a friend and fellow-workman of the prisoner's, came into the room and asked the prisoner where he was going. The prisoner said he was going hunting. Thereupon the deceased grabbed the gun back of the prisoner, and told him he could not go hunting. The prisoner said, "My friend, let me go." But the deceased kept hold of the gun and bore down on it, and the prisoner hung on and bore down on the end, until the stock was broken from the barrel so that it hung only by a little piece of iron. Thereupon the prisoner, not liking this, threw the gun upon the floor, and told the deceased that he had broken his gun and must pay him for it or get him a new one the next day. The deceased stooped down and picked up the barrel and raised it up and said, "Since you want a new gun, I will give it to you in this way," or "I will give it to you on the head," or some such words. The prisoner said, "My friend, I will blow your brains out," or "Since you want to strike me, I will blow your brains out," or some such words and thereupon drew a revolver from his pocket and shot the deceased in the breast, inflicting a mortal wound, of which he died the same day.

*W. Farrington* for the respondent.

It was error to allow the State to show in rebuttal what people were saying about the respondent after the homicide, in respect of his reputation before the homicide. *Griffith* v. *State,* 90 Ala. 583, 20 L. R. A. 612; *Carter* v. *Comm.,* 2 Va. Cas. 169, 20 L. R. A. 612; *People* v. *Fong Ching,* 78 Cal. 169; 5 Am. & Eng. Enc. 860.

*Warren R. Austin,* State's Attorney, for the State.

MUNSON, J.  The respondent having introduced evidence to show that his character was good in respect of being peaceable, the State was permitted to show in rebuttal what people were saying about him after the homicide in respect of his reputation in this regard before the homicide. The respondent excepted to this because the sayings were after the homicide instead of before.

This evidence was directed to the reputation borne by the respondent before the homicide.  A witness to reputation must have knowledge regarding that of which he testifies.  It is true that reputation evidence is hearsay, but it is hearsay as gathered by the witness.  When the witness testifies to what common speech subsequent to the event says the respondent's reputation was before the event, it is proving hearsay by hearsay.  The evidence should have been excluded.

*Exceptions sustained, judgment and sentence reversed, verdict set aside, and cause remanded.*